UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEONARD'S EXPRESS, INC.,

        Plaintiff/Counter-Defendant,

        v.

ARROWSTREAM, INC.,

        Defendant/Counter-Plaintiff,

        v.

C.A. LOGISTICS, INC., d/b/a C.A. TRANSPORT,

        Counter-Defendant.
_____

DECISION & ORDER

10-CV-6249P

        Plaintiff Leonard's Express, Inc. ("Leonard's Express") commenced this action against ArrowStream, Inc. ("ArrowStream") seeking payment for certain freight charges in connection with the interstate delivery of goods. (Docket # 1). Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 23).

        On January 17, 2011, ArrowStream filed an amended counterclaim against Leonard's Express and counter-defendant C.A. Logistics, d/b/a C.A. Transport ("C.A. Transport"). (Docket # 30). The counterclaim seeks damages from C.A. Transport under the Carmack Amendment in connection with goods damaged during delivery. (*Id*.). *See* 49 U.S.C. § 14706.

C.A. Transport was served with the Amended Counterclaim on March 31, 2011, but failed to answer or otherwise appear. (Docket # 32). The Clerk of the Court entered an entry of default on April 27, 2011. (Docket # 34). On November 21, 2011, pursuant to the agreement of ArrowStream and Leonard's Express, this Court ordered that the claims between them be dismissed. (Docket # 45).

Pending before the Court is ArrowStream's motion for a default judgment against C.A. Transport pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and for damages in the amount of $98,698.04 plus post-judgment interest. (Docket # 35). For the reasons set forth below, the motion for a default judgment is granted, and ArrowStream is awarded damages in the amount of $63,439.41, plus interest.

## FACTUAL ALLEGATIONS

According to ArrowStream's counterclaim, in 2008 it contracted with Leonard's Express as a motor carrier for interstate delivery of commercial goods. (Docket # 30 at ¶ 8). On August 11, 2009, ArrowStream tendered to Leonard's Express a load of 36,298 pounds of chicken breasts and 48 cases of chicken tenders for delivery from Texas to Willow Run Foods in Kirkland, New York. (*Id*. at ¶ 12). Under its brokerage authority, Leonard's Express then tendered the load to C.A. Transport for delivery. (*Id*. at ¶ 13). When C.A. Transport attempted to make the delivery at Willow Run Foods on August 14, 2009, it was discovered that the trailer doors had not been adequately secured causing the temperature to rise above the required level. (*Id*. at ¶¶ 14-15). Willow Run Foods refused the delivery because the chicken had begun to thaw. (*Id*. at ¶ 14).

## DISCUSSION

Before obtaining a default judgment, a party must first obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(b). "Once the default has been entered, the Court will accept as true the allegations of the complaint that establish the defaulting defendant's liability." *American Fruit & Vegetable Co. v. Ithaca Produce, Inc.*, 2011 WL 5574867, *1 (W.D.N.Y. 2011). The court must, however, scrutinize the moving party's allegations relating to the amount of damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the damages are not deemed true"); *Eastman Kodak Co. v. Berkshire-Westwood Graphics Grp., Inc.*, 2010 WL 2710975, *1 (W.D.N.Y. 2010).

ArrowStream contends that C.A. Transport is liable for its damages arising from Willow Run Food's refusal of the delivery. The Carmack Amendment provides for the recovery of damages from a carrier for the loss of goods shipped in interstate commerce. 49 U.S.C. § 14706. "To make a prima facie case under the Carmack Amendment, a plaintiff must show 1) delivery to the carrier in good condition; 2) arrival in damaged condition; and 3) the amount of damages caused by the loss." *Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.6 (2d Cir. 2001) (quoting *Camar Corp. v. Preston Trucking Co.*, 221 F.3d 271, 274 (1st Cir. 2000)).

Accepting the allegations in the amended counterclaim as true, I am satisfied that ArrowStream has established that C.A. Transport is liable under the Carmack Amendment for the value of the damaged chicken and is entitled to a default judgment.

Thus, the remaining question is the amount of damages to be awarded. ArrowStream has requested $98,698.04, which represents the total value of the delivery load. In

support of its motion, however, ArrowStream has submitted an affidavit from its Director of Safety and Compliance asserting that ArrowStream mitigated its damages by selling the load of chicken for $35,258.63.  (Docket # 35-1 at ¶ 5).  Mitigation of damages is required under the Carmack Amendment.  *See* 49 U.S.C. § 14706 (plaintiff entitled to the "actual loss or injury to the property caused by . . . the carrier"); *see also Project Hope v. M/V IBN SINA*, 250 F.3d at 78; *American Pac. Enters., LLC v. Celadon Trucking Svcs., Inc.*, 2006 WL 2289833, *4 (S.D.N.Y. 2006).

Having asserted that the chicken was subsequently sold for $35,258.63, I find that ArrowStream is entitled to damages for its actual loss of $63,439.41.

## CONCLUSION

Accordingly, ArrowStream's motion for default judgment **(Docket # 35)** is **GRANTED**.  ArrowStream is awarded damages under the Carmack Amendment in the amount of $63,439.41, plus interest accruing upon entry of judgment until paid.  28 U.S.C. § 1961.
**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                             United States Magistrate Judge

Dated: Rochester, New York
       March   23  , 2012